IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JACOB BANSCHBACH, | CV-15-00106-H-DLC-JTJ |
| Plaintiff, | |
| vs. | ORDER |
| M.S.P. CORRECTIONAL OFFICER CARL BECKWITH, | |
| Defendant. | |

Pending are Plaintiff Jacob Banschbach's Motion for the Appointment of Counsel (Doc. 26), Motion to File Witness Statement (Doc. 27), Motion for Discovery (Doc. 30), and Motion to File New Inmate's Witness Statement (Doc. 31). The motions will be denied.

**I. Motion for the Appointment of Counsel**

No one, including incarcerated prisoners, has a constitutional right to be represented by appointed counsel when they file a civil lawsuit under 42 U.S.C. § 1983. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn on other grounds*, 154 F.3d 952, 962 (9th Cir. 1998). Unlike criminal cases, a judge cannot order a lawyer to represent a plaintiff in a § 1983 lawsuit–a judge can merely request a lawyer to do so. 28 U.S.C. § 1915(e)(1); *Mallard v. United States Dist.*

*Court*, 490 U.S. 296, 310 (1989). Further, a judge may only request counsel for an indigent plaintiff under "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.

*Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted). Mr. Banschbach does not meet this criteria.

Mr. Banschbach argues he is indigent, has limited access to the law library, is not a jailhouse lawyer, has mental health and physical issues, does not have access to witnesses or documents, the case requires the depositions of prison staff, and he has been unable to find an attorney. (Doc. 26 at 1-2.)

Many indigent plaintiffs might fare better if represented by counsel, particularly in more complex areas such as discovery and the securing of expert testimony. However, this is not the test. *Rand*, 113 F.3d at 1525. Plaintiffs representing themselves, or "pro se litigants," are rarely able to research and investigate facts easily. This alone does not deem a case complex. *See Wilborn*, 789 F.2d at 1331. Factual disputes and thus anticipated examination of witnesses at trial does not establish exceptional circumstances supporting an appointment of

counsel. *Rand*, 113 F.3d at 1525.

Mr. Banschbach has not demonstrated a likelihood of success on the merits or that he is unable to present his claims pro se. He has not only demonstrated his ability to litigate this case but he has also demonstrated that ability in Civil Action No. 15-cv-107-H-DLC-JTJ. Mr. Banschbach has demonstrated that he is knowledgeable and capable of litigating this matter. The Court will not appoint counsel at this point in the litigation.

## II. Motions to file Witness Statement

The Court is not a repository for the parties' evidence. Originals, or copies of evidence, in this case witness statements, should not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court). The witness statements at issue do not pertain to the pending motion for summary judgment.

The motions will be denied and the Clerk of Court will be directed to return the evidence to Mr. Banschbach.

## III. Motion for Discovery

This is Mr. Banschbach's second motion for discovery. It will be denied for failure to comply with the following Local Rules. First, a scheduling order has not been issued in this case. Local Rule 26.1 provides that "in actions brought without

3

counsel, no party may begin discovery until a Scheduling Order has been issued." L.R. 26.1(d).  Second, Local Rule 26.2(a) prohibits the filing of discovery requests.  Finally, Local Rule 7.1(c)(1) requires that, "the text of the motion must state that other parties have been contacted and state whether any party objects to the motion."  There is no indication in the motion that Mr. Banschbach has complied with Local Rule 7.1.

Mr. Banschbach was advised of each of these rules in the Court's February 24, 2016 Order (Doc. 15) and yet he chose to ignore them yet again.  Mr. Banschbach's status as a pro se litigant does not excuse his failure to comply with the Court's Local Rules.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000) (disabusing a pro se defendant of the notion that he was excused from complying with the procedural rules because they were "not something a pro se defendant can be expected to know").  As the Ninth Circuit has repeatedly held, pro se litigants are required to follow the same rules as parties who are represented by counsel. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (holding that pro se litigants are bound by the same rules and procedures as other

litigants). In addition, the Ninth Circuit has "repeatedly upheld the sanction of dismissal for failure to comply with pretrial procedures mandated by local rules and court orders." *Thompson v. Housing Auth. of L.A.*, 782 F.2d 829, 830 (9th Cir. 1986); Fed. R. Civ. P. 41(b) (noting that failure to comply with the rules or a court order may be grounds for dismissal).

Further, Local Rule 83.8 provides that, "[a] self-represented person is bound by the federal rules and all applicable local rules. Sanctions, including but not limited to entry of default judgment or dismissal with prejudice, may be imposed for failure to comply with local rules." Mr. Banschbach's blatant refusal to follow the Court's local rules will not be tolerated.

Based upon the foregoing, the Court issues the following:

## ORDER

1. The Motion for Appointment of Counsel (Doc. 26) is **DENIED WITHOUT PREJUDICE**.

2. The Motions to File Witness Statements (Docs. 27, 31) are **DENIED**. The Clerk of Court is directed to return the "sworn statements" (Doc. 27-1 at 1 and Doc. 31-1) to Mr. Banschbach.

3. The Motion for Discovery (Doc. 30) is **DENIED**.

4. At all times during the pendency of this action, Mr. Banschbach must

immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

DATED this 7th day of October 2016.

    /s/ John Johnston
John Johnston
United States Magistrate Judge