## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## HELENA DIVISION

| | |
|---|---|
| JACOB BANSCHBACH, | CV-15-00106-H-DLC-JTJ |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| M.S.P. CORRECTIONAL OFFICER CARL BECKWITH, | |
| Defendant. | |

Plaintiff Jacob Banschbach filed a Complaint pursuant to 42 U.S.C. § 1983 alleging Defendant Beckwith sexually assaulted him during a pat-down search and thereafter harassed and retaliated against him. (Doc. 2.) Defendant filed a Motion for Summary Judgment arguing that Mr. Banschbach's claims are barred by the applicable statute of limitations, there are no genuine disputes of facts material to Mr. Banschbach's allegations, and he is entitled to judgment as a matter of law. (Doc. 53.) Mr. Banschbach opposes the motion (Doc. 60) but failed to file a statement of disputed issues as required by Local Rule.

Mr. Banschbach's sexual assault claim is barred by the applicable statute of limitations. His other claims fail as a matter of law. The motion for summary judgment should be granted and this matter dismissed.

1

## I.  ALLEGATIONS

Mr. Banschbach raises an Eighth Amendment cruel and unusual punishment claim and Fourteenth Amendment equal protection clause claim alleging that Defendant Beckwith "would grab my penis and testicles, he would move his hand up and down and up and down my penis during pat searches and if I refused to let him he would throw me in the hole and harass and threaten me.  He would wink at me and make sexual comments to me when I was in my cell in the hole as well. This went on for 3+ years."  (Complaint, Doc. 2 at 6.)

In his deposition, Mr. Banschbach clarified his allegations by stating Officer Beckwith waved and winked at him, kicked his door, called him "girlfriend," and retaliated against him by writing him up when he refused clothed body searches or got into arguments with Defendant.  (Deposition, Doc. 54-16 at 92-93, 117.)

## II.  FACTS[1]

Mr. Banschbach is currently an inmate at Montana State Prison (MSP). (Defendant's Statement of Undisputed Facts, Doc. 54-1 ("SUF") at ¶ 1.)  He has been incarcerated at MSP since February 22, 2011.  (SUF at ¶ 2.)  Officer

---

[1]The facts taken from Defendants' Statement of Undisputed Facts (Doc. 54-1) are deemed undisputed unless contradicted elsewhere in the record.  Mr. Banschbach failed to file a statement of disputed facts as required by Local Rule 56.1(b).  *See* L.R. 56.1(d)("Failure to file a Statement of Disputed Facts will be deemed an admission that no material facts are in dispute.")

Beckwith was employed as a correctional officer at MSP from April 1995 to October 13, 2013.  (SUF at ¶ 3.)

Mr. Banschbach's allegations concerning Officer Beckwith are based on one clothed body search "sometime between June and mid August of 2011."  (SUF at ¶ 4.)  On March 29, 2012 and July 12, 2012, Mr. Banschbach refused to submit to a clothed body search when ordered by Officer Beckwith.  (SUF at ¶ 63.)  When Mr. Banschbach refused to submit to a clothed body search, Officer Beckwith put him in cuffs, took him to the sergeant or command post, transported him to a lock-down unit, and gave him a write-up.  (SUF at ¶ 64.)  On November 14, 2012 and November 15, 2012, Officer Beckwith wrote Mr. Banschbach up for insolence after Mr. Banschbach yelled obscenities at Officer Beckwith.  (SUF at ¶ 66.)[2]

## III.  ANALYSIS

### A.  Sexual Assault Claim is Barred by the Statute of Limitations

The United States Supreme Court in *Wilson v. Garcia*, 471 U.S. 261 (1985), determined the applicable statute of limitations for claims filed pursuant to 42

---

[2]Defendant submitted new evidence and new facts in his reply brief.  It is improper to present new evidence in a reply.  *See Provenz v. Miller,* 102 F.3d 1479, 1483 (9th Cir. 1996)(new evidence in reply may not be considered without giving the non-movant an opportunity to respond).  Mr. Banschbach has not had an opportunity to respond to the new evidence and sur-replies are prohibited by Local Rule without prior leave of court.  The submission of new evidence and facts also circumvents the requirement that a party file a statement of undisputed facts setting forth each fact on which the party relies to support the motion.  L.R. 56.1.  As such, the evidence attached to the Reply will not be considered in this analysis.

U.S.C. § 1983 is the state statute of limitations governing personal injury actions. In Montana, that period is three years after the action accrues. Mont. Code. Ann. § 27-2-204(1).

Mr. Banschbach's Complaint is dated November 17, 2015, therefore all claims accruing prior to November 17, 2012 are barred by the applicable statute of limitations. However, the "statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process." *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005). The Court previously held that Mr. Banschbach exhausted Grievance No. 3977 when he appealed to the warden, and exhausted informal grievances he filed on July 16, 2012; August 27, 2012; February 14, 2013; and August 20, 2013, when those grievances were granted. (Doc. 22 at 13-14.)

The statute of limitations was therefore tolled between July 16, 2012 when Mr. Banschbach filed his first informal grievance and August 10, 2012 when that grievance was granted for a total of 25 days. It was tolled between August 27, 2012 when he filed another grievance and the September 18, 2012 response for an additional 12 days. It was tolled between the February 14, 2013 filing of a grievance until the March 15, 2013 response for an additional 29 days. It was then tolled between Mr. Banschbach's August 20, 2013 grievance until the August 26, 2013 response six days later. Finally, Mr. Banschbach's December 31, 2012

4

Grievance No. 3977 was denied on March 12, 2013 for an additional 71 days.

This totals 153 days of tolling.  Since the only incident of sexual assault occurred at the latest in August 2011, Mr. Banschbach's Complaint would have had to be filed within three years of January 2012 or by January 2015.  It was not signed until November 17, 2015.  Mr. Banschbach's claim for the alleged July or August 2011 sexual assault is barred by the applicable statute of limitations and should be dismissed.

Mr. Banschbach also raises claims of harassment and retaliation.  It appears these incidents also occurred outside the applicable statute of limitations but due to tolling concerns (while Mr. Banschbach was attempting to exhaust these incidents), the Court will address the merits of these claims.

## B.  Harassment Claims

Mr. Banschbach alleged Officer Beckwith "would wink at me and make sexual comments to me when I was in my hole in the cell," and "tormented me if I wouldn't submit to his sexually assaultive pat searches." (Doc. 2 at 6, 7.) Allegations of verbal harassment and threats are insufficient to support a claim under § 1983.  *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) ("'[v]erbal harassment or abuse...is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.' " (alteration in original) (*quoting Collins v.*

5

*Cundy*, 603 F.2d 825, 827 (10th Cir. 1979))); *Keenan v. Hall*, 83 F.3d 1083, 1092

(9th Cir. 1996) (stating that "verbal harassment generally does not violate the

Eighth Amendment"); *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (a "mere

naked threat" from prison guards does not violate the Eighth Amendment).

These claims of harassment including winking, sexual comments, and

kicking his cell door are insufficient to state a claim and should be dismissed.

## C. Retaliation Claims

Mr. Banschbach's claim that Officer Beckwith retaliated against him by

writing him up when he refused clothed body searches or got into arguments with

Officer Beckwith will be construed as First Amendment retaliation claims.  A

viable claim of First Amendment retaliation contains five basic elements:  (1) an

assertion that a state actor took some adverse action against an inmate (2) because

of (3) that prisoner's protected conduct, and that such action (4) chilled the

inmate's exercise of his First Amendment rights (or that the inmate suffered more

than minimal harm) and (5) did not reasonably advance a legitimate correctional

goal.  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *see also Hines v.

Gomez*, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims require an inmate to

show (1) that the prison official acted in retaliation for the exercise of a

constitutionally protected right, and (2) that the action "advanced no legitimate

penological interest").

Mr. Banschbach presented no evidence to establish that Officer Beckwith took adverse action against him because of some exercise of his First Amendment rights without a legitimate correctional goal.  There is no dispute that Officer Beckwith disciplined Mr. Banschbach, but the undisputed evidence is that discipline was done for a legitimate correctional goal and not because Mr. Banschbach engaged in protected conduct.

While a prisoner does not completely sacrifice his right to free speech, this right is necessarily diminished by his incarceration.  *Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 125 (1977).  Inmates retain First Amendment rights not inconsistent with their status as prisoners or the legitimate penological objectives of the corrections system.  *Pell v. Procunier*, 417 U.S. 817, 822 (1974). "This is because certain privileges and rights must necessarily be limited in the prison context."  *Johnson v. California*, 543 U.S. 499, 510 (2005).

Mr. Banschbach does not submit any evidence to establish that he was engaged in protected activity when he was disciplined for violating prison rules. He does not have a First Amendment right to disobey legitimate prison rules and prison officials may discipline him for violations of those rules.  He cannot state a retaliation claim when "the alleged retaliation arose from discipline imparted for

7

acts that a prisoner was not entitled to perform." *Orebaugh v. Caspari*, 910 F.2d
526, 528 (8th Cir. 1990). Refusing to submit to a pat down search and/or yelling
obscenities or threats at an officer is not an exercise of his First Amendment
rights. He does not allege he was denied the opportunity to appeal the discipline
he received or otherwise seek redress through an established grievance procedure.

The purported retaliatory actions by Defendant were plainly made in
accordance with standard operating procedures and necessary to the safe and
orderly operation of the facility. Mr. Banschbach admits he refused to be searched
by Officer Beckwith and was inappropriate when he yelled at Officer Beckwith.
Specifically, in his deposition Mr. Banschbach stated, "yeah, I was insolent or I
swore or said things that aren't good. You know, I did -- I wasn't behaving right,
but I was also upset and I was just voicing how I felt." (Deposition, Doc. 54-16 at
16, depo p. 93 at lines 7-10.)

Defendant is correct that Mr. Banschbach does not have a constitutional
right to not be searched or to yell obscenities and threats at correctional officers
*Pell v. Procunier*, 417 U.S. 817, 822 (1974) (holding that an inmate retains only
"those First Amendment rights that are not inconsistent with his status as a
prisoner or with the legitimate penological objectives of the corrections system");
*Clark v. Nelson*, No. 93-3391-SAC, 1996 WL 596735 at *5 (D. Kan. Sep. 20,

8

1996) ("An inmate's limited First Amendment rights do not include any purported right to disobey orders or right to curse officers.") (citations omitted).

Mr. Banschbach's only response to the motion for summary judgment was to refer to his response to Defendants' first motion for summary judgment. (Doc. 19.) That response primarily addressed Officer Beckwith's 2011 search which as stated above is barred by the statute of limitations. Mr. Banschbach does not dispute that Officer Beckwith took disciplinary actions against him in March, July, and November 2012 because Mr. Banschbach violated prison rules and there was a legitimate correctional goal for the discipline. There is no evidence to support the allegation that the discipline was taken because Mr. Banschbach engaged in protected conduct.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. Defendant's Motion for Summary Judgment (Doc. 53) should be GRANTED and this matter DISMISSED. The Clerk of Court should be directed to close the case and enter judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate

9

Procedure that any appeal of this decision would not be taken in good faith.  No

reasonable person could suppose an appeal would have merit.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations

within fourteen (14) days after service (mailing) hereof.[3]  28 U.S.C. § 636.  Failure

to timely file written objections may bar a de novo determination by the district

judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

until entry of the District Court's final judgment.

DATED this 7th day of February, 2018.


_/s/ John Johnston_
John Johnston
United States Magistrate

---

[3] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Banschbach is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

10